UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ATLANTIC RECORDING CORPORATION,
a corporation; BMG MUSIC, a general partnership;
CAPITOL RECORDS, INC., a corporation;
FONOVISA, INC., a corporation; INTERSCOPE
RECORDS, a general partnership; PLATANO
RECORDS CORPORATION, a corporation;
SONY BMG MUSIC ENTERTAINMENT,
a general partnership; SONY DISCOS LLC,
a limited liability company; UMG RECORDINGS,
INC., a corporation; WARNER BROS. RECORDS
INC., a corporation; WARNER MUSIC LATINA
INC., a corporation,

**MEMORANDUM and ORDER**

05-CV-2309 (SLT)

Plaintiffs,

-against-

ELIZABETH RECORDS, INC., a corporation,
d/b/a ELIZABETH RECORDS a/k/a
ELIZABETH & RICKY RECORD SHOP;
and ANGEL CHINO, an individual,

Defendants.
-----------------------------------------------------------------x

**TOWNES, United States District Judge:**

In a Judgment and Order dated February 21, 2006, this Court denied without prejudice Plaintiffs' application for attorney's fees. This Court noted (1) that the rates which Plaintiffs sought – $325 per hour for a partner, $250 per hour for an associate, and $80 per hour for a paralegal – appeared unreasonably high; (2) that Plaintiffs' papers contained only a very brief description of the experience of the attorneys involved in this case; and 3) that some of the entries in Plaintiffs' counsel's time sheets – such as those referencing "draft complaints," an individual or a case named "Gonzalez," and service of process in Indiana – appeared to relate to other cases. Plaintiffs were given thirty days to revise their papers to rectify the foregoing deficiencies and to resubmit their application for attorney's fees.

Pursuant to this Order, Plaintiffs' counsel has submitted a letter, dated March 22, 2006, in further support of Plaintiffs' request for attorney's fees. Appended to that letter are new time sheets, which this Court has painstakingly reviewed and find to be entirely reasonable.

However, this Court is still not convinced that the hourly fees requested by Plaintiffs – which have now been slightly reduced to $300 for a partner's time and $225 for an associate's time – are reasonable. While Plaintiffs have cited an intellectual property case in which a court in the Southern District of New York approved hourly rates of over $520 for a partner and over $275 for an associate, *Yurman Designs, Inc. v. PAJ, Inc.*, 125 F.Supp.2d 54, 57 (S.D.N.Y. 2000), *aff'd*, 29 Fed.Appx. 46 (2d Cir. 2002), the rates approved in *Yurman Designs* seem atypically high, even for the Southern District. *See, e.g., Wilen v. Alternative Media Net, Inc.*, 03 Civ. 2524 (RMB), 2005 WL 167589, at *5 (S.D.N.Y. Jan. 26, 2005) (adopting *Wilen v. Alternative Media Net, Inc.*, 03 Civ. 2524 (RMB), 2004 WL 2823036, at *3 (S.D.N.Y. Dec. 3, 2004), a report and recommendation approving rates of $375 to $415 per hour for partners and $160 to $195 per hour for associates).

Moreover, as this Court noted in its prior Order, courts in this district have not been as generous as courts in the Southern District of New York. *See, e.g., Commission Express Nat'l, Inc. v. Rikhy*, No. CV-03-4050 (CPS), 2006 WL 385323, at *6 (E.D.N.Y. Feb. 17, 2006) ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $300 for partners, $100 to $150 for junior associates and $200 to $250 for senior associates" and from $60 to $75 for paralegals); *Levy v. Powell*, No. CV-00-4499 (SJF), 2005 WL 1719972, at *9 (E.D.N.Y. July 22, 2005) ("In 2003 and 2004, district courts in the Eastern District found rates of between $225.00 and $300.00 for partners to be reasonable."); *LaBarbera v. J.E.T. Resources, Inc.*, 396 F.Supp.2d 346, 352 (E.D.N.Y. 2005) (rates of $250 to $350 per hour are

2

unreasonably high for legal services in this district). Moreover, the rates awarded to lawyers in garden-variety intellectual property cases like this one do not invariably fall at the higher end of this range. *See, e.g., Top Rank Inc. v. Tacos Mexicanos*, No. 01 CV 5977, 2003 WL 21143072, at *6 (E.D.N.Y. Mar. 28, 2003) (adopting a report and recommendation awarding $200 per hour); *Independent Living Aids, Inc. v. Maxi-Aids, Inc.*, 25 F.Supp.2d 127, 132 (E.D.N.Y. 1998) (awarding $225 per hour for a partner, and $135 per hour for an associate).

In keeping with the cases in this district, this Court will award $250 per hour spent by the partner, Ralph J. Sutton; $150 per hour spent by the associate, Matthew A. Kaplan; and $70 per hour spent by the paralegal, Sonia Nieves. By applying these rates to the total hours reflected in the time sheets, this Court has calculated that Plaintiffs are entitled to attorney's fees totaling $5,298.50. These fees are reflected in the Amended Judgment and Permanent Injunction, which is filed herewith.

**SO ORDERED.**

/s/ SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
       March 28, 2006